# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENYATTA WHITE, Jr., : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-3302 |
| : | |
| C.O. GILLARD, et al., : | |
|     Defendants. : | |

## ORDER

AND NOW, this 9th day of August, 2019, upon consideration of Plaintiff Kenyatta White, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 1), his prison trust fund account statement (ECF No. 3) and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Kenyatta White, Jr., #1037217, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court hereby directs the Warden of the Philadelphia Detention Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to White's inmate account; or (b) the average monthly balance in White's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in White's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to White's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this order to the Warden of the Philadelphia Detention Center.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED with prejudice** to the extent that White seeks to assert (1) official capacity claims; (2) a false incident report claim; (3) and a false imprisonment due process claim against all Defendants. The Complaint is **DISMISSED without prejudice** to the extent that White seeks to assert (1) a failure to protect claim, and (2) a medical neglect claim.

6. White is **GRANTED** leave to file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must be a complete document and shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint. It shall contain a short, plain statement setting forth the basis for White's claims against each defendant. White may not reassert any claim dismissed with prejudice. White should provide enough information for the Court to understand what happened to him and how each named defendant acted to cause him injury. When drafting his amended complaint, White should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court shall send White a blank copy of the Court's form complaint for use by a prisoner in filing a civil rights action bearing the above civil action number. White may use this form to file his amended complaint in the instant case if he chooses to do so.

8. If White fails to file an amended complaint in accordance with paragraph six (6) of this Order, his case may be dismissed without prejudice for failure to prosecute with no further notice.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**